Tyler *v.* Willis.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Ingraham,* Justices.]

———————————

TYLER, receiver, &c. *vs.* WILLIS.

When a party appears in court, in a legal proceeding against him of which the court has jurisdiction, and consents that a receiver be appointed to take possession of his property, for the purpose of paying claims against him, it does not lie in the mouth of any debtor to dispute the regularity of the appointment.

The party against whom such proceedings are taken may waive all such irregularities; and if he does so, no other person can take the objection.

Where there is no collusion or fraud shown, and no intent proven, on the part of the plaintiff or his attorney, to prevent a levy on the property of the debtor, the sheriff is not obliged to keep an execution sixty days, before returning it.

The objection that an execution has been returned too soon, cannot be raised collaterally. It can only be available on a direct motion to set aside the return of the writ.

If the debtor does not make the objection himself, no other person can take advantage of it.

Where the plaintiff claimed to recover a lease and mortgage which the defendant held, and which the plaintiff alleged belonged to the person for whom he had been appointed receiver, and the answer denied his right

thereto, because there were moneys due to the defendant, for which he held the lease and mortgage as security; *held* that the answer did not set up a counter-claim.

A counter-claim is where the demand is against the plaintiff, and for which a judgment might be recovered against him.

Where a party omits to except to a referee's report, the court cannot, on appeal, give him any relief as to decisions upon matters of law.

APPEAL from a judgment entered upon the report of a referee. The action was brought by the plaintiff as receiver of the assigned property of Daniel W. Whitney, to have a certain lease and mortgage, alleged to belong to Whitney, delivered up and assigned to the plaintiff by the defendant; and for an account of the amount which the defendant had received or collected thereon, and of the amount which the defendant was entitled to retain, out of the moneys so received or collected by him. And the plaintiff prayed for an injunction to restrain the defendant from assigning or disposing of said lease and mortgage, or collecting or receiving any payment upon either of them. The defendant by his answer denied most of the allegations of the complaint, and alleged that the lease and mortgage were assigned by Whitney to him not only as collateral security for the payment of a certain promissory note made by Whitney on the 25th of April, 1854, for $2521.59, but also as security for any and all other indebtedness from Whitney to the defendant, then due or thereafter to become due and owing; and that the note was not yet fully paid. The defendant further alleged that during and since the time said lease and mortgage were assigned to him by said Whitney, he had from time to time made large advances in cash to Whitney, and had paid and became liable to pay large amounts of money for and on account of said Whitney, and at his special instance and request; and he alleged that Whitney was now justly indebted to him on the note in the complaint mentioned, and for moneys lent and advanced to him, and laid out and expended for him, and at his special instance and request, and for services rendered, commissions, interest moneys, rents paid, insu-

Tyler *v.* Willis.

rance, costs, expenses and disbursements, in the sum of at least $800, over and above all the moneys collected by the defendant on said lease and mortgage, and as security for the payment of which the defendant now holds, and did hold at the time of the commencement of this action, said lease and mortgage, and he claimed a lien upon said lease and mortgage, and the right to hold, occupy and enjoy the same, and to collect all moneys due and to grow due thereon, until the indebtedness due to him from Whitney was fully paid and satisfied, the same having been assigned to him for that purpose and upon the express condition that the defendant should hold the same and collect all the proceeds to be derived therefrom, until all indebtedness which might at any time be due and owing to him from the said Whitney should be fully paid and discharged. The action was referred to a referee, who found the following facts : That the plaintiff was by one of the judges of the court of common pleas of the city and county of New York, duly appointed receiver of the property of Daniel W. Whitney, in certain proceedings in said court, supplementary to executions upon the judgments in certain actions, as stated in the complaint, and that he is still such receiver. That said Whitney made and delivered to the defendant his promissory note in writing for the sum of $2521.59, on the 25th of April, 1854. That the defendant, at the time of the giving of the said note held and thereafter continued to hold, as collateral security for the payment of said note, the lease of premises No. 21 College Place, in the city of New York. That on or about the first of May, 1855, Whitney caused to be assigned to the defendant, as further collateral security for the payment of said note, a certain mortgage upon real estate, made by one Joseph Dun to said Whitney, for $2000. That after the making of said note by Whitney, and while the defendant held said mortgage and lease as collateral security for said note, Willis loaned to and paid out other moneys for Whitney, in consideration of which it was agreed by Whitney that

Willis should and might hold said mortgage and lease, as collateral for any other indebtedness of Whitney to Willis, that might or should accrue by reason of any moneys paid out by Willis on account of Whitney, or loaned to him at his request. That before the commencement of this action, the defendant had received from, or on account of said collateral securities and otherwise, from Whitney, an amount more than sufficient to extinguish or pay said note and interest thereon, and all other indebtedness of Whitney to Willis, and that at the time of the commencement of this action there was nothing due from Whitney to Willis, on account of said note or said collateral securities, but on the contrary, that Willis had at that time been overpaid, and was then indebted to Whitney. That before the commencement of this action, the plaintiff duly demanded of Willis said lease and mortgage, or an assignment thereof, which was refused. That there is due from the defendant to the plaintiff, as receiver &c., the sum of $320.86, with interest thereon from the first day of March, 1858. The referee found, as conclusions of law, that the plaintiff was entitled to said mortgage and lease, or an assignment thereof from Willis, and to the sum of $342.01, being the above sum of $320.86, with interest thereon from the first day of March, 1858, to the date of the report, and that the plaintiff should have judgment accordingly, with costs.

Judgment being entered accordingly, the defendant appealed.

*John H. White,* for the appellant.

*Warren G. Brown,* for the respondent.

*By the Court,* INGRAHAM, J. The first objection taken to the judgment in this case relates to the authority under which the plaintiff acts as receiver. He was appointed receiver in a proceeding in the New York common pleas, as well as in other proceedings in the superior court. Upon the hearing

before the referee these proceedings were objected to, on account of sundry irregularities which were supposed to exist therein. These irregularities were not objected to by the defendant in the judgment, but on the contrary, the debtor consented to the appointment of the receiver, and to his acting without security. I do not deem it necessary to examine these objections separately. They may all be disposed of by the remark that the defendant in this action cannot take advantage of any of them. It is his duty to pay the debt he owes to Whitney, or to such person as the latter appoints to receive it ; and when the creditor appears in court in a legal proceeding against him of which the court has jurisdiction, and consents that a receiver be appointed to take possession of his property, for the purpose of paying claims against him, it does not lie in the mouth of any debtor to dispute the regularity of that appointment. If there had been a want of jurisdiction on the part of the court or officer making the appointment, the objection might perhaps he available, but not so as to any irregularity in the proceedings. The party against whom such proceedings are taken may waive all such irregularities, and if he does so, no other person can take the objection. For all matters affecting the defendant, the authority to receive payment of the debt was ample ; he would have been protected by the payment to the receiver, and he asks the court, with a very bad grace, to relieve him from paying a just claim to the receiver, when he shows no desire to pay it to any one.

These remarks dispose of all the objections taken in the first three points of the appellant.

The defendant objects that the supplementary proceedings are void, because the execution was returned within a week after it was issued. This objection has been repeatedly before the courts, and has been so often disposed of that it is rather late to renew it. Where there is no collusion or fraud shown, and no intent proven, on the part of the plaintiff or his attorney, to prevent a levy on the property of the debtor,

there is no law that requires the sheriff to keep an execution sixty days. He may do so, and if he can find property, he ought to make the amount out of the property, even if he requires sixty days for that purpose; but where the sheriff knows the debtor to have nothing—where he has on previous executions exhausted all the property of the debtor, and where he has returned such executions unsatisfied—it would be idle to require him to retain such process in his hands for two months for no other purpose than to prevent the plaintiff from resorting to other means for collecting his debt. The case of *Spencer* v. *Cuyler*, (9 *Abbott*, 382,) on which the defendant relies, was put upon the ground that the plaintiff had procured the return to be made in such a manner that he would be precluded from maintaining an action for a false return in case it should appear that the debtor had property, and therefore the supplementary proceedings would be set aside. To that decision I agree, but I do not agree to the other suggestions made in the opinion of the justice, which are expressly stated not to furnish the basis for the decision in that case.

But there is another answer to the objection as taken by the defendant. It is that no such objection can be raised collaterally—and that it can only be available in a direct motion to set aside the return to the execution. If the debtor does not make the objection himself, no other person can take advantage of it. The benefit is one personal to himself. He can, if he pleases, waive it. This has been lately held in *Sperling* v. *Levy*, (10 *Abbott*, 426.)

The defendant also objects that the plaintiff not having replied to the answer setting up a counter-claim, the defendant was entitled to an allowance to that amount. This would be so if there was any counter-claim in the answer, but there was not. The plaintiff claimed to recover a lease and mortgage which the defendant held, and which the plaintiff alleged belonged to the person for whom he had been appointed receiver. The answer denied his right thereto, because there

Tyler *v.* Willis.

were moneys due to the defendant, for which he held the lease and mortgage as security. This rendered an examination of the accounts between the debtor and the defendant necessary, but there was no counter-claim. A counter-claim is where the demand is against the plaintiff, and for which a judgment might be recovered against him.. This claim set up in the defendant's answer was not against the plaintiff, but against Whitney, and was not available to the defendant for any other purpose than to show that the defendant had a lien on the lease and mortgage which was unsatisfied.

The other grounds of appeal are that the referee has erred in not making allowances to the defendant for services rendered, or moneys expended by him, in regard to the moneys collected by him on the lease or mortgage while in charge of the same. Although there may be some items which should have been allowed, such as the expenses paid in collecting the drafts, and some difference of interest, still there is no ground upon which we can interfere with the report in that respect. The defendant has not excepted to the referee's report, in any particular. Without such exceptions the court cannot on appeal give relief. The error was one of law and not of fact. The referee held, as matter of law, that the defendant was not entitled to these allowances, but that the plaintiff was entitled to the mortgage and lease, and to a balance of money in the defendant's hands. To this finding there should have been an exception. There was none, and on this account the defendant in this respect is without remedy.

We think the judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, February 4, 1861, *Clerke, Sutherland* and *Ingraham,* Justices.]