## BINGHAM *a.* DISBROW.

*Supreme Court, First District; General Term, March,* 1862.

RESIDENCE OF DEBTOR AND OF JUSTICE IN SUPPLEMENTARY PROCEEDINGS.—VOLUNTARY APPEARANCE OF THE DEBTOR.—VALIDITY OF RECEIVER'S APPOINTMENT.

The portion of section 292 of the Code, which provides for the examination of a judgment-debtor, when an execution issued to the sheriff of the county where he resides has been returned unsatisfied, refers to the county where he resides at the issuing of the execution.

Any justice of the Supreme Court may make an order, under section 292 of the Code, for the examination of a judgment-debtor, without regard to the residence or location of the justice. But the debtor must be directed to appear in the particular county prescribed in that section.

An order for the appointment of a receiver, under section 298 of the Code, founded on the voluntary appearance and examination of a judgment-debtor, is valid.

It is only when a judge or court has no jurisdiction of the subject-matter of the proceeding in which an order is made, that the order is wholly void for want of jurisdiction.

Appeal from a judgment.

This action was brought by Charles K. Bingham, receiver &c., of Alfred Disbrow, a judgment-debtor, against Alfred Disbrow, William Strang, Bethia E. Disbrow, and James A. Disbrow, administrator, &c., of Stephen R. Disbrow, to set aside a transfer by Alfred Disbrow, the judgment-debtor, and by William Strang, his assignee, of his distributive share in the estate of Stephen R. Disbrow, his deceased brother. The judgment-debtor sold his interest in the estate to Strang, for three notes of Strang of $300 each. Strang subsequently sold this interest to his

sister, Mrs. Bethia E. Disbrow, who was the wife of Alfred. Mrs.
Disbrow gave for this interest the three notes of Strang, which she
had received from her husband in payment of $1000, claimed
to be due to her from her husband.

In November, 1852, one Chauncey S. Martin recovered judg-
ment against Alfred Disbrow and one Wheeler. At that time
Alfred Disbrow lived in the county of Tompkins, and to that
county an execution upon this judgment was issued. Subse-
quently Alfred Disbrow removed to Cayuga county. In De-
cember, 1855, the judgment-creditor procured from Hon. The-
ron R. Strong, justice of the Supreme Court in the Seventh
Judicial District, an order for the examination of the debtor in
supplementary proceedings. The affidavit of the creditor and
order of the justice were as follows:

(TITLE OF THE CAUSE; AND VENUE.)

"Chauncey S. Martin, being duly sworn, says—That he is the
above-named plaintiff, that judgment was recovered in this ac-
tion against the above-named defendants in the Supreme Court,
in and for the first judicial district, on the 15th day of Novem-
ber, 1852, for the sum of four thousand five hundred and thirty-
three dollars and seventy cents, damages and costs, and the judg-
ment-roll filed in the office of the clerk of the city and county
of New York; that an execution against property of the judg-
ment-debtor, Alfred Disbrow, was, on the 15th day of Novem-
ber, 1852, duly issued to the sheriff of the county of Tompkins;
that the judgment-debtor, Alfred Disbrow, resided in said county
at the time of issuing such execution, and now resides near Port
Byron, in Cayuga county, and that the said sheriff has returned
the said execution unsatisfied, on the 23d day of January, 1853,
and that the said judgment-debtor, Alfred Disbrow, has property
which he refuses to apply to the payment of said judgment."

(JURAT; AND SIGNATURE.)

"It appearing to me by the affidavit of Chauncey S. Martin,
the plaintiff, that an execution against the property of Alfred
Disbrow, one of the defendants in the above-entitled action, has
been duly issued to the sheriff of the proper county, upon the
judgment herein, and returned unsatisfied, I do hereby require
the said Alfred Disbrow to appear before me, Campbell W.
Haynes, Esq., at his office in Port Byron aforesaid, on the 3d
day of January next, 1856, at ten o'clock in the forenoon of that

day, and on such further and other days, and at such times and places as this court or its referee, appointed herein, may by adjournment order and direct, to make discovery on oath concerning his property, and in the mean time, and until further order of this court, the said Alfred Disbrow is hereby enjoined and restrained from making any transfer or other disposition of his property not exempt by law from execution, or from any interference therewith."

(DATE; AND SIGNATURE.)

The judgment-debtor appeared before the referee and was examined concerning his property, and in March, 1856, Mr. Justice Strong appointed, without notice to Disbrow, the present plaintiff receiver of the debts, property, equitable interests, and things in action of the judgment-debtor, and requiring security, which the receiver filed as directed in the order of appointment.

This action was tried before Mr. Justice Sutherland at special term, on the 18th day of April, 1859. Judgment was rendered for the plaintiff, and the defendants took the present appeal.

*Bogardus & Brown*, for the appellants.—I. The plaintiff must show himself to have been duly appointed receiver, having authority to bring this action. The court should have jurisdiction, and facts in support thereof must be alleged and proved. (Sackett *a.* Andross, 5 *Hill*, 327; Van Etten *a.* Hurst, 6 *Ib.*, 311; Ford *a.* Babcock, 1 *Den.*, 158; Maples *a.* Burnside, *Ib.*, 332; Varnum *a.* Wheeler, *Ib.*, 331; Barker *a.* Johnson, 4 *Abbotts' Pr.*, 435.) The affidavit upon which the order supplemental to execution was granted, was insufficient, and gave no jurisdiction. 1. It nowhere appears that a transcript of the alleged judgment was ever filed in the county (Tompkins) to which the execution was issued, which is all essential to the right to issue execution to the sheriff of that county. 2. The execution should have been issued to the sheriff of the county where Disbrow resided at the time the order for his examination was granted. Even if the order was granted under subdivision 2 of section 292, the affidavit is insufficient. 1. It does not show that defendant Disbrow resided in the county where the judge or officer resided; but the court will take judicial notice that the residence of the judge who made the order was in Monroe county. 2. The same preliminary proofs or requisites are necessary under

subd. 2 as are required under subd. 1, except the return of the execution, or subd. 2 would be unmeaning, and an order can be granted without a judgment or proof of judgment, or the judgment may be for less than $25, or there may not have been a transcript filed to warrant an execution. (Sackett *a.* Newton, 10 *How. Pr.*, 560.) 3. The affidavit contains no proof that the judgment-debtor had property which he unjustly refused to apply towards the satisfaction of any judgment. 4. Subd. 2 requires the same state of facts as subd. 1, excepting only the return of execution. These are questions not as to regularity, but go to the jurisdiction. (Sackett *a.* Newton, *supra.*)

II. The receiver was irregularly appointed, even if the justice had jurisdiction to make the order for examination. 1. The defendant Disbrow was entitled to notice of application for appointment of a receiver. (Barker *a.* Johnson, 4 *Abbotts' Pr.*, 435; Kemp *a.* Harding, 4 *How. Pr.*, 178; Dorr *a.* Noxon, 5 *Ib.*, 29; Corning *a.* Tooker, *Ib.*, 16.) 2. It nowhere appears that no other proceedings supplemental to execution were pending when the order was made appointing plaintiff a receiver, or that, if so, the plaintiff in those proceedings had notice. (*Code*, § 298.) 3. There may have been a receiver previously appointed, and if so, the plaintiff has no authority to act, and should he sustain this action, the defendants may be under the necessity of defending another action by a receiver previously appointed.

*William Norton* and *Levi S. Chatfield*, for the respondent (after considering the merits).—I. The validity of the order appointing the plaintiff receiver, is not traversable in this action. Unless it is void it cannot be attacked collaterally. The justice had undoubted authority to issue the order for the examination of the defendant in the judgment, on the affidavit made. He did issue it, it was served, and the defendant appeared and was examined. Section 292 of the Code contemplates but one execution, returned *nulla bona* prior to the order supplemental; no matter what changes of residence may have intervened, if the execution in the first instance is sent into the proper county. It is simply a substitute for the creditor's bill, which might always be filled on one return of *nulla bona.* Any other rule would render the remedy nugatory, for the debtor could avoid

the examination by a removal once in sixty days. No question of jurisdiction is involved, for the jurisdiction of this court to issue these orders is general. If the court has misjudged as to the propriety of issuing the order in a particular case, it is an irregularity to be corrected on motion: it does not vitiate the adjudication. (Lindsey *a.* Sherman, 1 *Code R.*, 25; Conway *a.* Hitchins, 9 *Barb.*, 378.)

II. But the receiver is an officer of the court, and the order of appointment alone is a sufficient authority for him to commence the action. Jurisdiction and regularity will both be presumed in support of an adjudication of a court of general jurisdiction.

III. An examination on supplemental order was not necessary to authorize the appointment of a receiver. This may be done by the court whenever an execution has been returned unsatisfied, and the judgment-debtor refuses to apply his property in satisfaction of the judgment. (*Code*, §§ 244, 298.) The affidavit in this case alleged that the defendant had so refused. (See People *a.* Hulbert, 1 *Code R.*, 75.) If the defendant was dissatisfied with the order of Judge Strong, he should have moved to set it aside; he cannot attack it collaterally.

By THE COURT.*—INGRAHAM, P. J.—The plaintiff was appointed receiver of a debtor under supplementary proceedings.

The affidavit showed that the execution had been issued in a county where the debtor resided when so issued, which was three years previous, but it appeared that the debtor had afterwards removed to another county.

To warrant such proceedings, it is undoubtedly necessary that an execution should be issued to the county where the debtor resides, before the order for his examination can be made. The question arises, whether this refers to the time of the issuing of the execution, or of the application to the judge. At the hearing of this appeal I was inclined to think the affidavit in this case defective, but on more examination, I have come to a contrary opinion. The words of the statute (*Code*, § 292) are, " When an execution, &c., issued to the sheriff of the county where he (the debtor) resides, is returned unsatisfied, &c." The

---

* Present, INGRAHAM, P. J., CLERKE and LEONARD, JJ.

proper construction of this is, I think, to apply the residence to the time of issuing the execution. The words throughout are in the present tense: "when an execution issued to the sheriff of the county where the debtor resides" only applies to the issuing of the execution; and the residue of the sentence, "is returned unsatisfied," also being in the present tense, also applies the residue of the sentence to the execution when issued, and to an occurrence necessarily past. The moment this has occurred, viz., the issuing of the execution to the sheriff of the county where, at the time, the debtor resided, and its return unsatisfied, the plaintiff was entitled to an order from a judge of the court for the examination of the debtor. All the facts necessary to give the judge jurisdiction at the time existed. I am of the opinion that the debtor could not, by his act, deprive the creditor of the right to the order for his examination by changing his place of residence. If he could do so, then it is in the power of a debtor to defeat, at all times, his creditor. He has only, during the running of the execution, to cross the boundary-line into another county and reside there, thus to defeat his creditor.

I do not think the statute requires any such construction, but, on the contrary, that the requirements of the statute are satisfied when the execution has been issued to the county where the debtor resided at the time of the issue thereof, and that the subsequent change of residence by the debtor does not defeat the creditor's proceeding.

The order must require the debtor's appearance in the county to "which the execution had been issued." That county was the one in which the debtor resided when the execution was issued. So far as the jurisdiction of a judge of the Supreme Court to make the order was involved, the residence of the debtor at the time of issuing the order was immaterial. Any judge of this court may make an order for the examination of the debtor before himself, in the county to which the execution against a debtor had been issued. The jurisdiction of the judge does not depend upon his residence or his location at the time of the making of the order. As his powers are coextensive with the State, so his authority to make this order extends throughout the State, irrespective of the debtor's residence. I do not refer to the place where he is to direct the examination to take place; that is directed by the statute to be in a particular county.

If he is not to be in such county, he has power to direct the examination to be before a referee, under section 300.

I think, therefore, there was no want of jurisdiction in this case in the judge by whom the first order was made.

The affidavit showed all that was necessary to confer jurisdiction in the first instance, and such jurisdiction was not affected by·the subsequent removal of the debtor to another county after the execution had been returned.

I am also of the opinion that the defendant cannot raise this objection to the proceedings in this action. The debtor appeared and was examined, and such examination, without objection on his part, was a waiver of the irregularity, if any. I concur with DUER, J., in Viburt *a.* Frost (3 *Abbotts' Pr.*, 119), where he says: "The appearance and submission to examination must be regarded, if the order was null, as voluntary acts. And it cannot be reasonably doubted that a valid order for the appointment of a receiver may be founded upon a voluntary appearance and examination of the judgment-debtor. It is only when a judge or court has no jurisdiction of the subject-matter of the proceeding in which an order is made, that the order is wholly void for want of jurisdiction. It is to such cases that the maxim, 'Consent cannot give jurisdiction,' applies. In all other cases the objection to the jurisdiction may be waived.

"Here the general authority of the judge to make the order appointing a receiver—in other words, his jurisdiction over the subject-matter of the order—was unquestionable."

So, in Dudley *a.* Mayhew (3 *N. Y.*, 9), it is said that an assent of the parties cannot give jurisdiction in a matter over which it has not by law cognizance. (See, also, Tyler *a.* Willis, 33 *Barb.*, 327.)

I would add, also, that the like jurisdiction over the person of the debtor, under a proper affidavit, was likewise beyond dispute. To hold the reverse of these propositions would virtually destroy the whole intent of the Legislature in this portion of the Code.

If a debtor may, by secretly removing from the county while the execution is running, and afterwards submitting to an examination and the appointment of a receiver without objection, defeat any action brought by such receiver for such reasons, these provisions can be rendered nugatory.

I am of the opinion that the appointment of the receiver was valid, and cannot be affected by this objection to the jurisdiction in the present action.

Judgment affirmed, with costs.