JOHN UNDERWOOD, RECEIVER, ETC., RESPONDENT, *v.* WILLIAM SUTCLIFFE, IMPLEADED, ETC., APPELLANT.

*Supplementary proceedings — receiver in — powers of — irregularity in appointment of — who may take advantage of.*

A receiver appointed in proceedings supplementary to execution, may maintain an action to recover real or personal property transferred by the judgment debtor in fraud of his creditors.

No person can avail himself of an irregularity in the proceedings in which the receiver was appointed, except the judgment debtor himself.

Proceedings supplementary to an execution are in the nature of an action, and the court does not lose jurisdiction thereof, by a failure of either or both of the parties to appear on a day to which they have been adjourned by the judge or referee.

Where, in such a case, the attorney for the judgment debtor appears before the judge, in obedience to a notice to show cause why a receiver should not be appointed, and makes no objection thereto, all objections to the regularity of such proceedings are thereby waived.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

In March, 1871, Charles T. Ferris recovered a judgment in this court against Henry C. Sutcliffe for the sum of $836.48, damages and costs.

In 1873, said Ferris having issued execution on said judgment, and it having been returned by the sheriff to whom it was delivered, unsatisfied, instituted proceedings supplementary to execution before the county judge of Cayuga county, against the judgment debtor, who appeard before the referee appointed therein, from time to time, and was examined touching his property. The last adjournment was to the 12th of November, 1873. On that day neither party appeared before the referee, and he closed the evidence.

On the 9th of February, 1874, the county judge appointed the plaintiff in this action receiver of the property and effects of said Henry C. Sutcliffe, upon his filing with the clerk of said county a bond, with sufficient sureties, to be approved by said county judge, in the penalty of $500 for the faithful discharge of the duties of the trust.

The plaintiff, with two sureties approved by the said judge, executed a bond in conformity to said order, dated the 5th of February, 1874, and thereupon entered upon his duties as receiver, under and pursuant to said order.

In April, 1874, the receiver commenced this action against the judgment debtor and William Sutcliffe, his son, alleging in the complaint, amongst other things, the recovery of said judgment, and that said Henry C. had been engaged for several years as a maltster, and had made large profits in that business; that in January, 1867, and while he was owing said Ferris the debt for which judgment was afterwards recovered, he, desiring to enlarge his business,

and intending to cheat and defraud said Ferris, purchased, or caused to be purchased by his son, William, the other defendant in this action, a lot of land of one David Wetherby, contiguous to his place of business; caused the title to said lot to be conveyed to said William, the purchase-money having been paid by or out of the property of said Henry C.; that the conveyance to said William was fraudulent as against the creditors of Henry C. After said conveyance, William caused to be erected on said lot a malt-house, at an expense of some $6,000, which was paid with the money or property of said Henry C.; and that the business of malting thereafter done in said building was done in the name of William, but for the benefit of said Henry C. And that Henry C, in order to cheat and defraud his creditors, and especially said Ferris, transferred all his property to said William, and thereafter all the business was done in his name; that said Henry has continued to carry on the business as before the transfer to William, purchasing and selling property in his own name.

The plaintiff demanded judgment, that said judgment and the costs be declared a lien on said premises so held by said William, and that the conveyance to him be declared fraudulent and void; and that the transfer to William of the personal property be also declared fraudulent and void, and set aside as against such judgment and costs.

Henry C., in his answer, admits being engaged in making beer from 1861 to 1868; that judgment was recovered against him by Ferris; alleges that in May, 1868, he ceased to carry on said business; and denies all allegations of fraud in said complaint, and denies all other allegations in the complaint.

The defendant William, in his answer, denies that Henry C. purchased the land on which the malt-house was erected, or that it was paid for by his means, or that he ever had any interest in said property. He also denies that Henry C. paid any part of the expense of erecting said malt-house, or that said purchase was made with any fraudulent intent.

William also denies that Henry C. has had any interest in the business carried on by said William, and that any property was transferred to him with fraudulent intent. He sets up, in bar of said action, the statute of limitations.

The cause was tried at the Auburn Special Term, in March, 1875, before Justice DWIGHT, who found, amongst other facts, that while the action of Ferris against Henry C. was pending, the malt-house lot was conveyed by Wetherby and wife to defendant William; that the consideration was paid with the money of said Henry C., and the conveyance taken in the name of William for the purpose of preventing and hindering said Ferris in collecting his demand; that in 1868, and while the action of Ferris was pending, the defendant erected a malt-house upon said premises, at a cost of at least $6,000, $1,500 of which was furnished by the wife of said Henry, and the balance was paid with the moneys of said Henry, and out of the avails of said business; and that the said conveyance was made to said William for the purpose of delaying and defrauding the creditors of Henry C., and especially Ferris.

The said justice ordered judgment that said conveyance to William was fraudulent as against Ferris; and that the same, with the building thereon, should, in equity, be subject to said judgment, and to the costs of the action and of the supplementary proceedings.

From that judgment the defendant William appeals.

*E. H. Avery*, for the appellant.

*F. D. Wright*, for the respondent.

MULLIN, P. J.:

The appellant's counsel moved for a nonsuit on the trial, on the ground, among others, that the plaintiff was not legally appointed receiver of the property of the judgment debtor, for the reason that on the day to which supplementary proceedings were adjourned by the referee neither party appeared, and the plaintiff thereby abandoned the proceedings, and the county judge could not thereafter appoint a receiver.

With the proceedings to appoint the receiver the appellant has nothing whatever to do. The judgment debtor is the only person who can avail himself of any irregularity in the proceedings, and in this case he concedes their regularity by not questioning them. (*Tyler* v. *Willis*, 33 Barb., 327; *Hobart* v. *Frost*, 5 Duer, 672.)

Proceedings supplementary are in the nature of an action, and do

not terminate by the neglect of the plaintiff in the judgment, to appear on a day to which they have been adjourned, either by the judge or referee. But it would be irregular to proceed upon the original order after such failure to appear, and the subsequent proceedings would be set aside on motion or on appeal. Jurisdiction of the officer continues until the judgment is satisfied or the proceedings terminated by order of the judge or of a competent court.

The right of the plaintiff to maintain the action is denied upon the further ground, that the receiver's bond is dated several days before the order appointing the receiver was made.

It appears by the evidence of the referee that the attention of the judge was called to the defect, if it was one; but it would seem that the bond was not received or acted upon until after the appointment of the receiver, and it then became operative against the parties to it, and they are estopped from disputing its validity.

But the conclusive answer to the objection is that the appellant has no right to raise the objection. The judgment debtor alone could raise it.

Again, it appears by the case that the attorney of the judgment debtor appeared before the judge, in obedience to notice to show cause why a receiver should not be appointed, and made no objection to the appointment, and all objections to the regularity of the proceedings were thereby waived. (*Tyler* v. *Willis*, 33 Barb., 327; *Viburt* v. *Frost*, 3 Abb., 119.)

Another ground of nonsuit relied upon by the appellant's counsel was, that there was no evidence in the case that the conveyance from Wetherby to appellant was taken in the name of the latter for the purpose of preventing and hindering Ferris from collecting his debt from Henry C. Sutcliffe.

It is impossible, it seems to me, to read the evidence of the appellant and not be satisfied that not only the land in question, but the entire property of the judgment debtor, and all the profits of the business previously carried on by his father, were transferred to the appellant without consideration, and that the improvements made upon it were paid for from the profits of the business.

The appellant was a young man, unmarried, lived at his father's, and was boarded by him without charge, worked at the business at his pleasure, without any contract as to price, and took to his own

use and deposited in bank or kept in a trunk belonging to him so much of his father's money arising from the business as he desired, and so much as he desired to pay out for his personal expenses, without investing a dollar in the business except some $1,500 he got from his mother, all the rest being obtained from his father. He became the owner of a large and valuable property, leaving not a dollar with which to pay his father's creditors. If such a transaction is not fraudulent, I am unable to imagine a case that would be.

The findings of the court are fully sustained by the evidence.

If it was necessary, in order to support the judgment, to lay one's finger on the evidence in which the appellant testifies that the transactions between him and his father were fraudulent as to the creditors of the latter, it must be conceded there is no such evidence. But taking the history of appellant's connection with his father's business and the absorption by him of the whole property without consideration, and without leaving any thing for his father's creditors, the evidence of fraud thus obtained is not only more conclusive, but more satisfactory than any direct admission of the appellant could be. The one might be the result of surprise or mistake, but the other cannot be.

The appellant's counsel insists that the receiver cannot maintain this action to satisfy the Ferris judgment out of the property obtained by appellant from his father, because his authority is limited to the property which passes to him from the judgment debtor, and cannot reach the land conveyed by Wetherby or the proceeds of it, or of the improvements made thereon.

A receiver appointed in proceedings supplementary to execution may maintain an action to recover real or personal property transferred by the judgment debtor in fraud of his creditors. (*Porter* v. *Clark*, 12 How., 107; S. C., 5 Seld., 142; *Edmonston* v. *McLoud*, 16 N. Y., 543.)

The parties to the fraud cannot cover the property so that it cannot be reached by the receiver by causing it to pass through numerous hands by numerous conveyances.

The judgment of the Special Term must be affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed, with costs.