SAMUEL H. MORGAN, RECEIVER, ETC. OF ORRIN W. POTTER, APPELLANT, *v.* SARAH A. POTTER AND EMMA GRACE POTTER, RESPONDENTS, IMPLEADED WITH ORRIN W. POTTER AND OTHERS.

*Conveyance — when fraudulent as to creditors — Irregularity in receiver's bond — who may avail himself thereof.*

A conveyance by a husband of all his property to his wife and daughter, on condition that the wife will discontinue a suit for a limited divorce then pending, and that she shall thereafter live apart from him, is fraudulent and void as to existing creditors.

*Semble,* that an agreement of a husband and wife to live separate and apart from each other, is invalid.

The fact that the undertaking filed by a receiver, appointed in supplementary proceedings, is not under seal, is an irregularity of which only the judgment-debtor can avail himself.

APPEAL from a judgment in favor of the defendants, entered on the report of a referee.

This action was brought by the plaintiff as a receiver of the property of Orrin W. Potter, a judgment-debtor, appointed in supplementary proceedings, to set aside certain transfers of his property, consisting of a house and lot and certain chattels, made

by said debtor to Sarah A. Potter, his wife, and Emma Grace Potter, his daughter, the respondents herein, subsequently to the accruing of the indebtedness upon which the judgments were obtained on which the supplementary proceedings were based. The transfers were executed in pursuance of an agreement between the debtor and his wife, whereby she agreed to discontinue a suit then pending against him for a limited divorce, and by which the parties agreed to live apart from each other. There was no other consideration for the transfers; and they conveyed nearly all the debtor's property, leaving him insolvent. The referee dismissed the complaint, with costs.

*A. G. Rice*, for the appellant.

*Angel & Jones*, for the respondents.

SMITH, J. :

The finding of the referee that the transfers in question were made without intent to defraud creditors is against the evidence furnished by the undisputed facts of the case. Potter, being insolvent, transferred his property to his wife and child, without any consideration, except the agreement between himself and his wife to live separate and apart from each other, which was, of itself, unlawful. He retained nothing to satisfy his creditors. The bare statement of the case shows a fraudulent design on his part. For the necessary consequence of the transaction was to deprive his creditors of the means of collecting their debts, and as he must have been presumed to have foreseen and intended the inevitable result of his own act, the transaction itself is conclusive evidence of a fraudulent intent. (*Per* SUTHERLAND, J., in *Babcock* v. *Eckler*, 24 N. Y., 632.) Besides, Potter testified that he transferred the property to his wife because he preferred that his family should have it rather than its creditors. The transfers, regarded as purely voluntary conveyances, were fraudulent as against the creditors of Potter, he being insolvent. (*Carpenter* v. *Roe*, 10 N. Y., 227; *Cole* v. *Tyler*, 65 id., 73.)

The agreement with his wife furnished no consideration as against the claims of creditors. The contract to live separate was

one which the courts will not uphold. (*Rogers* v. *Rogers*, 4 Paige, 517; *Cropsey* v. *McKinney*, 30 Barb., 47.) Even if it were valid, the equities of the case, as against the creditors of the husband, would be no stronger than if he and his wife were living together amicably, and he had voluntarily conveyed the property for the support of herself and child.

The respondents take the position that the receiver has not filed a bond as required by the order appointing him, and that consequently he is not a receiver, and cannot maintain the action. It appears that he executed an undertaking or obligation, which was not sealed. In that respect the instrument was irregular, but, we think, the judgment-debtor only can take advantage of the irregularity, and he has not appealed. This view of the matter is maintained by the cases of *Tyler* v. *Willis* (33 Barb., 327), and *Underwood* v. *Sutcliffe* (10 Hun, 453).

*Johnson* v. *Martin* (1 New York Supreme Court Reports [T. & C.], page 504), relied upon by the respondents' counsel, is not necessarily in conflict with the cases above cited, as for aught that appears in that case, the objection was taken by the judgment-debtor. And it does not appear that the receiver had obtained an order of the court giving him leave to sue, as is the case here.

The judgment should be reversed, and a new trial ordered before another referee, costs to abide event.

Talcott, P. J., and Hardin, J., concurred.

Ordered accordingly.