# SUPREME COURT.

## PUDNEY & RUSSELL agt. GRIFFITHS & BATES.

No proceedings supplementary to execution can be sustained, where the legal remedy by execution has not been fully and really exhausted. It must not be a sham attempt to do so, but the proper officer must be allowed to take the usual course to effectuate the object which the process was designed to serve. Therefore, where an execution was issued upon the judgment and the plaintiffs directed the sheriff to return it within the sixty days, and instructed him not to proceed to serve it; *Held*, that an order on supplementary proceedings should be set aside with costs.

MOTION to set aside an order for proceedings supplementary to execution.

ANDERSON & WYATT, *for motion.*
COOPER & RICE, *opposed.*

CLERKE, Justice. It is asserted, and for the purpose of this motion admitted, that the plaintiffs directed the sheriff to re-

Pudney & Russell agt. Griffiths & Bates.

turn the execution issued in this action, before the expiration of the sixty days, and instructed the sheriff not to proceed to serve the execution.

Now supplementary proceedings under the first part of section 292 of the Code, were evidently designed as a remedy, not concurrent or simultaneous with an execution, but as the adjective designating these proceedings imports, to supply its place, where it has failed to be effectual. And in all cases, the execution must precede the resort to the supplementary remedy; it must be issued with a *bona fide* attempt to find and attach any property which it can reach. Otherwise, the intention of the law requiring the issuing of the execution would be an idle ceremony. If this were not so, it would save much trouble; it would in every respect be more convenient and proper to allow the commencement of what we now call supplementary proceedings, immediately on the rendition of the judgment, and without the intervention of an execution. We all know that the creditor's bill, for which these proceedings are a substitute to a certain extent, could not have been filed until what was called the legal remedy should be exhausted.

There is nothing under the present system superseding this requirement. The remedy by execution must still be exhausted; it must be really exhausted—it must not be a sham attempt to do so; but the proper officer must be allowed to take the usual course to effectuate the object which the process was designed to serve.

This certainly is not done when the plaintiffs in an action interpose and prevent the sheriff from even searching for property, by prematurely directing him to return the execution and not to serve it, for the express purpose of enabling them to commence these proceedings.

The order must be set aside with $5 costs.