·(18 Misc. Rep. 631.)

### HIGH ROCK KNITTING CO. v. BRONNER et al.

(Supreme Court, Special Term, Onondaga County. December, 1896.)

**1. SUPPLEMENTARY PROCEEDINGS—IRREGULAR RETURN OF EXECUTION.**
   A motion to set aside an order in supplementary proceedings for irregularities in the return of the execution, not apparent on the face of the return, will be denied, where the motion does not include the setting aside of the return, since the return, while it stands, is a sufficient basis for the order.

**2. SAME—RETURN BEFORE EXPIRATION OF TIME LIMITED.**
   The sheriff's return of an execution is not invalid, so as to vitiate an order made thereon in supplementary proceedings, merely because the return was made before the expiration of the 60 days within which the sheriff is required to return an execution (Code Civ. Proc. § 1366), and at the request of the judgment creditor's attorney, where there was no collusion between the attorney and the sheriff, or intentional omission to enforce the execution.

Action by the High Rock Knitting Company against Gus Bronner and others, in which there was an order in supplementary proceedings. Defendants move to vacate the order. Denied.

B. Stolz, for the motion.

Thomas Hogan, opposed.

HISCOCK, J. This motion was urged upon the argument upon the sole ground that the return of the execution upon which the order in supplementary proceedings was granted herein was made at the request of plaintiff's attorney. There was no claim of any fraud or collusion between such attorney and the sheriff, or that there was property out of which said execution should have been collected. In fact, it appears by the affidavit of the deputy sheriff, upon which in part the order herein was granted, that the execution in this case was returned at the same time with others in his hands. Defendants, upon this motion, seek simply to set aside the order in supplementary proceedings. They do not directly attack, or ask to have set aside, the return of the sheriff upon which that order was granted. So long as that return stands, it is a sufficient basis for the order, and the latter should not be set aside. Sperling v. Levy, 10 Abb. Prac. 426; Tyler v. Willis, 33 Barb. 327, 332. Furthermore, the mere return of an execution inside of the 60 days fixed by law (Code Civ. Proc. § 1366), even though made at the suggestion or request of the plaintiff's attorney, does not invalidate or vitiate such return. In order to accomplish such latter result, there must be present some other element, such as collusion between the plaintiff and the sheriff, or intentional omission to attempt to collect such execution. Forbes v. Waller, 25 N. Y. 430; Renaud v. O'Brien, 35 N. Y. 99, 100; Pudney v. Griffiths, 15 How. Prac. 410.

Motion denied, with $10 costs.