## FEINBERG v. KUTCOSKY et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—EXAMINA-
TION—ADJOURNMENT—FAILURE TO APPEAR—ORDER.

An order adjudging defendants guilty ·of contempt in disobeying a direction of a referee in supplementary proceedings to appear on an adjourned day was fatally defective, where it failed to state a finding that defendants' conduct defeated, impaired, impeded, or prejudiced plaintiff's rights.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

2. EXECUTION (§ 358*)—SUPPLEMENTARY PROCEEDINGS—ORDERS.

Supplementary proceedings are proceedings of a civil character, as provided by Code Civ. Proc. § 2433, and orders therein are judges' orders, as distinguished from orders of the court as provided by section 2434.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 358.*]

3. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—FAILURE TO
APPEAR.

Failure of a judgment debtor to obey an order directing him to appear originally for examination in supplementary proceedings or on an adjourned day is a civil, as distinguished from a criminal, contempt.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

4. EXECUTION (§ 398*)—SUPPLEMENTARY PROCEEDINGS—ADJOURNMENT.

While a judgment creditor is entitled to examine his judgment debtor fully to ascertain all that he can with reference to his property or lack of it, he is not entitled to have the hearing adjourned from time to time merely to harass the debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1150–1155; Dec. Dig. § 398.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. JUSTICES OF THE PEACE (§ 129*)—JUDGMENT—COLLATERAL ATTACK.
    A justice's judgment cannot be collaterally attacked in supplementary proceedings subsequently based thereon.

    [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 408–411; Dec. Dig. § 129.*]

Appeal from Clinton County Court.

Action by Libbie Feinberg against John Kutcosky and another. From an order of a County Court adjudging defendants in contempt, they appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Arthur S. Hogue, for appellants.
John E. Judge, for respondent.

PER CURIAM. Plaintiff filed a transcript of a judgment rendered in her favor in Justice's Court against the defendants in the clerk's office of Clinton county, and issued an execution thereon, which was returned by the sheriff wholly unsatisfied. Thereupon an order in supplementary proceedings was granted by the county judge of that county requiring the defendants to appear before a referee for examination. The defendant John appeared, and was examined, but the defendant Mary did not appear because of alleged illness. At the conclusion of his examination, John executed an assignment of claims to grow due from boarders, and the proceeding was adjourned. On the day of the adjournment he and the defendant Mary both failed to appear, and, upon an order to show cause why the defendants should not be punished for contempt, they were found guilty of contempt of court and fined, and directed to appear before the referee for further examination.

[1] The order adjudging the defendants guilty of contempt in disobeying the direction of the referee to appear on the adjourned day stated that such disobedience was willful, but did not state that it was found that their conduct defeated, impaired, impeded, or prejudiced the rights of the plaintiff.

[2] Orders in supplementary proceedings are judge's orders, and not court orders (Code Civ. Proc. § 2434), and are proceedings of a civil character (Id. § 2433).

[3] Failure to originally appear for examination in pursuance of an order in supplementary proceedings, or upon an adjourned day is a civil contempt, and not a criminal one; and it is necessary that the order adjudging such contempt should recite that the court has found that the conduct of the party has been such as to defeat, impair, impede, or prejudice the right or remedy of the other party to the proceeding. Judiciary Law, § 753 (Laws 1909, c. 35 [Consol. Laws 1909, c. 30]); Matter of Ryan, 73 App. Div. 137, 77 N. Y. Supp. 132; Dailey v. Fenton, 47 App. Div. 418, 62 N. Y. Supp. 337; Sherwin v. People, 100 N. Y. 351, 3 N. E. 465. The order appealed from was fatally defective in this respect, and must be reversed because of the failure to recite such finding. It does not appear that the defendant

John was not fully examined at his first appearance before the referee, and no reason is shown why an adjournment should have been taken. He lived a long distance from the office of the referee where he was required to appear, and the loss of time and expense of traveling were considerable.

[4] While a judgment creditor has the right to fully examine his judgment debtor and ascertain all that he can with respect to his property or lack of it, the practice is altogether too common of adjourning the proceeding from time to time and prolonging the examination merely for the purpose of annoying the judgment debtor. While the attention of the learned county judge was not called to the adjournment taken in the present case, this court takes this occasion to condemn such practice. Judges granting orders in supplementary proceedings have supervisory power over such examinations had before referees, and on application of the judgment debtor can compel their termination within a reasonable time and after a fair examination, and should be alert so to do.

[5] There is no merit in the other points urged by the appellants. The judgment in Justice's Court cannot be attacked in this proceeding. O'Neil v. Martin, 1 E. D. Smith, 404; Saunders v. Hall, 2 Abb. Prac. 418; Courtois v. Harrison, 1 Hilt. 109; Brown v. Nichols, 42 N. Y. 26. The return of the execution by the sheriff was not procured by the collusion of the plaintiff or her attorney, and was therefore legal. Forbes v. Waller, 25 N. Y. 430; High Rock Knitting Co. v. Bronner, 18 Misc. Rep. 631, 43 N. Y. Supp. 684.

The order must be reversed, with $10 costs and disbursements.