DENNIS PAWOLOWSKI, Respondent, *v.* THE CITY OF
SCHENECTADY et al., Defendants.
GEORGE R. LUNN, Appellant..

Contempt — order adjudging defendant guilty of contempt for
disobeying injunction — order reversed because it does not state
that disobedience was willful.

A final order, which adjudges a defendant guilty of criminal con-
tempt for disobeying an injunction, but does not set forth that the
defendant was guilty of a willful disobedience of the lawful mandate
of the court, fails to comply with the statute (Judiciary Law, § 752;
Cons. Laws, ch. 30) and must be reversed as defective and the con-
tempt proceeding be dismissed.

*Pawolowski* v. *City of Schenectady,* 162 App. Div. 920, reversed.

(Argued January 12, 1916; decided January 25, 1916.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
April 18, 1914, which affirmed an order of Special Term
adjudging the appellant herein guilty of criminal con-
tempt of court.   On September 4, 1913, the county judge
of Schenectady county granted an injunction in this
action restraining the defendants, their agents, servants
and employees from laying a concrete sewer under the
sidewalk in front of the premises of the plaintiff and
from cutting down, mutilating or in any way otherwise
injuring the trees in front of said premises and along the
street on which said premises were located.   The injunc-
tion contained an order to show cause, returnable at a
Special Term of the Supreme Court on the 15th day of
September, 1913, before Mr. Justice VAN KIRK.   Said
injunction was served upon the defendant, the city of
Schenectady, by serving the same upon the mayor thereof,
George R. Lunn, personally.   On the 5th day of Sep-
tember, 1913, the said Lunn cut down a tree in front
of the premises of the plaintiff.   The injunction order

was served upon the said Lunn on the 4th day of September, 1913. On September 10, 1913, the order to show cause why the said Lunn should not be punished for contempt of court was made by the said county judge of Schenectady county and was served upon the said Lunn on September 11, 1913, and was returnable on September 15, 1913, upon the hearing of which Justice Van Kirk adjudged the said Lunn guilty of contempt of court and fined him $100.

*Frank Cooper* for appellant. There was no allegation, proof nor adjudication of willful disobedience of the court's mandate, and, therefore, the order fining the defendant for criminal contempt was error and should be reversed. (*People ex rel. Munsel* v. *Court of Oyer & Terminer,* 101 N. Y. 245; *Wass* v. *Stephens,* 128 N. Y. 123; *Roncoroni* v. *Gross,* 92 App. Div. 366; *Aldinger* v. *Pugh,* 57 Hun, 179; 132 N. Y. 403; *Rivas* v. *Livingston,* 178 N. Y. 20; *People ex rel. Kelly* v. *Aiken,* 19 Hun, 327; *People ex rel. Kromcke* v. *O'Brien,* 39 Misc. Rep. 110; *People ex rel. Cowal* v. *Hamil,* 145 N. Y. Supp. 400; *People ex rel. Platt* v. *Rice,* 144 N. Y. 249; *People ex rel. Stearns* v. *Marr,* 181 N. Y. 463.)

*Arthur S. Golden* for respondent.

Cuddeback, J. This is an appeal from a final order which adjudged the appellant, George R. Lunn, guilty of criminal contempt of court, and fined him $100 for violating the terms of an injunction order.

Section 750 of the Judiciary Law (Cons. Laws, ch. 30) enumerates and defines the acts which constitute a criminal contempt for which the court has power to punish, and declares that there are no others. One of the acts so enumerated and defined as a criminal contempt of court is: " Willful disobedience to its lawful mandate." The appellant in this case cannot be punished unless his act was a " willful disobedience " of the injunction order.

Cont. Securities Co. *v.* N. Y. C. & H. R. R. R. Co.   119

1916.]                    Statement of case.                    [217 N. Y.]

Section 752 provides that where a person is committed for a criminal contempt of court, the particular circumstances of his offense must be set forth in the mandate of commitment.

The order in this case does not set forth that the appellant was guilty of a willful disobedience of the court's lawful mandate. The order shows that Lunn disobeyed the injunction but fails to show that his disobedience was willful, which was an essential circumstance of his offense to render him subject to punishment.

For that reason the order appealed from is defective and must be reversed and proceeding dismissed. (*People ex rel. Barnes* v. *Court of Sessions, Albany Co.*, 147 N. Y. 290.) But under the circumstances the reversal should be without costs to either party.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur.

Order reversed, etc.