CHARLES F. BRIDDON, Respondent, *v.* KATHERYN L. BRIDDON, Defendant.

PHILIP SMITH, Appellant.

Contempt — mandate of commitment which fails to set forth particular circumstances of offense null and void.

1. Section 752 of the Judiciary Law (Cons. Laws, chap. 30) provides that " Where a person is committed for contempt * * * the particular circumstances of his offense must be set forth in the mandate of commitment." A failure to comply with such requirement renders the mandate order null.

2. Plaintiff brought an action to have it adjudged that he was the owner of certain property, and obtained an order enjoining the defendant, her agents, servants and employees from removing or selling it. Appellant herein, with knowledge of the order, sold the property.

Upon the hearing of a proceeding to charge him with contempt it appeared that appellant's firm, prior to the commencement of the action, had purchased the property from defendant, paid therefor and was in actual possession under a bill of sale duly filed. The mandate did not disclose that the court assumed to summarily determine the question of ownership of the property but decreed that appellant had willfully disobeyed said injunction order. *Held*, that it was essential to the validity of the mandate that it disclose circumstances justifying a conclusion that appellant was acting either as the agent or servant of the defendant or in combination or collusion with her or in assertion of her right, and in the absence of such findings and conclusions appellant was not bound by the restraining order, and the mandate adjudging him in contempt was void.

*Briddon* v. *Briddon*, 191 App. Div. 895, reversed.

(Argued September 29, 1920; decided October 19, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 5, 1920, which unanimously affirmed an order of Special Term adjudging appellant herein guilty of criminal contempt in violating an injunction order.

The facts, so far as material, are stated in the opinion.

*Joseph M. Proskauer, Louis S. Ehrich* and *Burgess Osterhout* for appellant. Appellant was a stranger to the action and sold his own furniture for his own account; there is no evidence and no finding that he was the agent, servant or employee of defendant or that he acted in collusion with her or under her direction. (*Rigas* v. *Livingston*, 178 N. Y. 20; *People ex rel. Stearns* v. *Marr*, 181 N. Y. 463; *Matter of Zimmerman*, 134 App. Div. 591; 2 High on Injunctions, 112.) Contempt proceedings are quasi criminal in nature and are strictly construed. Appellant will not be held guilty of a criminal contempt unless credible proof established that his acts violate the express terms of the order. (*Rigas* v. *Livingston*, 178 N. Y. 20; *Rutherford* v. *Holmes*, 5 Hun, 317; 66 N. Y. 368; *People ex rel. Morris* v. *Randall*, 73 N. Y. 416; *Marty*

v. *Marty*, 66 App. Div. 527; *Walton* v. *Grand Belt Copper Co.*, 56 Hun, 211; *People ex rel. Stearns* v. *Marr*, 181 N. Y. 463; *Matter of Zimmerman*, 134 App. Div. 591.)

*Henry F. Cochrane* and *Harry S. Sullivan* for respondent. The appellant was convicted of a criminal contempt, which is an offense against the people of the state. In such a case the fact that the offender is not mentioned in the process which he violates is immaterial, since the essence of the inquiry in such case is: did the person, with knowledge, disobey or aid in disobeying the mandate of the court. (*People ex rel. Stearns* v. *Marr*, 181 N. Y. 463; *Rigas* v. *Livingston*, 178 N. Y. 20; *People ex rel. Empire Leasing Co.* v. *Mecca R. Co.*, 174 App. Div. 384; *Seaward* v. *Paterson*, 1 Ch. Div., 1897, 545; *People ex rel. Gaynor* v. *McKane*, 78 Hun, 154.)

HOGAN, J. The plaintiff and Katheryn Langdon Briddon, the sole defendant, were married December 11th, 1909. For a period of some five years prior to the commencement of legal proceedings, they lived at No. 918 St. Marks avenue, borough of Brooklyn, city of New York. The record title to said premises is in defendant, though plaintiff claims a title or some interest thereto.

On or about August 11th, 1919, plaintiff, asserting that defendant had been guilty of misconduct, left the house occupied by the parties, leaving defendant in exclusive possession of the same and the furnishings therein. Subsequently plaintiff instituted proceedings to secure a decree of divorce from defendant.

The firm of Smith & Jaffe, of which appellant is a member, is engaged in the business of licensed auctioneers and appraisers as well as the purchase and sale of various kinds of merchandise including household furnishings. September 17th, 1919, Mr. Jaffe, representing and on behalf of the firm, entered into a written contract with defendant, then in possession of the home and furniture therein on St. Mark's avenue, for a purchase of the entire furnishings

(with the exception of certain special articles) contained therein. In said contract the defendant represented and warranted that she was the owner of the goods which were free and clear of all incumbrances. She agreed to sell the same to Smith & Jaffe and said firm agreed to purchase the goods and pay therefor the sum of five thousand dollars, one hundred dollars down, the balance on or before September 30th, the value of any goods removed in the meantime to be deducted from said balance. The firm of Smith & Jaffe were to have access at all times to the premises, rent free, together with the privilege of occupancy of the premises to and including October 10th for the purpose of holding an auction sale. One hundred dollars was paid as provided in the contract. Smith & Jaffe procured insurance on the property and thereafter and on September 30th they paid by check to the order of defendant the sum of $4,463, which amount together with the initial payment and a deduction of $437 on account of goods removed aggregated $5,000. Thereupon defendant executed and delivered to Smith & Jaffe a bill of sale of the goods which was on the same day filed in the office of the registrar of Kings county.

From September 29th to and including the morning of October 2d, Smith & Jaffe advertised a sale of the goods at public auction on premises 918 St. Marks avenue, Brooklyn, to be held October 2d, in the New York *Times, World* and *American,* and in the Brooklyn *Daily Eagle* and *Standard Union.* Notice of such sale was also posted on the house.

October 1st the plaintiff commenced this action against the defendant, his wife. The complaint, in substance, alleges that he had in February, 1914, purchased the premises No. 918 St. Marks avenue as a home for himself and defendant and at divers times since said date he had purchased articles of furniture and other household effects with which to furnish said premises, expending therefor upwards of four thousand dollars. In addition

to the aforesaid property, he was the owner of other articles of personal property in said premises bequeathed to him by his father which had a sentimental value which cannot be measured in money. Upon information and belief defendant had arranged to sell the aforesaid property at public auction on October 2d and unless an injunction be granted said property will be sold, removed and disposed of by defendant, her agents, servants and employees, in violation of his rights of ownership of the property. The prayer for relief was that he be decreed the owner of the property; that defendant, her agents, servants and employees, be enjoined from selling, incumbering, removing or in any way interfering with the aforesaid furniture, household effects and personal property. Thereupon an order was granted by a justice of the Supreme Court requiring defendant to show cause at Special Term, October 6th why an injunction should not issue enjoining defendant from selling, encumbering removing or in any way interfering with the personal property, household effects and furniture now on the premises, 918 St. Marks avenue, Brooklyn.

Pending the argument of the motion the order provided, " the defendant, her agents, servants and employees, are hereby enjoined from selling, encumbering, removing or in any way interfering with the personal property, household effects and furniture now on the premises, No. 918 St. Marks Avenue, in the Borough of Brooklyn, City and State of New York."

October 2d the appellant, Smith, at the premises noted, was served with a copy of the summons and complaint in this action, together with a copy of the temporary injunction order. Thereupon he communicated by telephone with his counsel, read to him the affidavit and order and explained to him the facts relating to the purchase by his firm of the furniture. Counsel advised him that a sale of the property would not violate the injunction order and he thereupon proceeded to sell the property.

Upon an affidavit made by plaintiff, reciting the issuance of the restraining order referred to, the service of same upon Mr. Smith, " the agent, servant and employee of the defendant herein," and an allegation upon information and belief that " Philip Smith as the agent, servant and employee of the defendant herein, and after service upon him of the aforesaid restraining order did willfully, unlawfully and in violation of the terms of the said order proceed to sell and did sell the personal property, household effects and furniture mentioned in the said order," etc., an order to show cause, returnable at Special Term, was granted requiring Mr. Smith to show cause why he should not be punished for contempt for refusing to obey the restraining order.   After a hearing thereon upon the facts stated and additional facts alleged by both parties, unnecessary to enumerate, an order was made adjudging " that the said Philip Smith is guilty of a criminal contempt of court, and has wilfully disobeyed said injunction order, in that with knowledge of the existence of said injunction and after service of said injunction order upon him he deliberately violated the terms and provisions of the said injunction by selling the personal property on the premises No. 918 St. Marks Avenue, Borough of Brooklyn, City of New York, on the 2nd day of October, 1919."   A further provision of the order imposed imprisonment for a period of thirty days, a fine of $250, and in case of failure to pay the fine, imprisonment until said fine is fully paid or for a period of thirty days after the expiration of the first period of thirty days; that a warrant issue to carry into effect the provisions of the order.   The conclusion reached by us in this case renders unnecessary further reference to the facts set forth in the record.

The only causes for which a person may be punished for a criminal contempt are enumerated in section 750 of the Judiciary Law (Cons. Laws, ch. 30).   Subdivision 3 of that section confers upon a court of record power to punish as

for a criminal contempt a " Willful disobedience to its lawful mandate." Punishment for a criminal contempt is provided for in section 751 of the statute. Section 752 reads: "Where a person is committed for contempt, as prescribed in section 751, the particular circumstances of his offense must be set forth in the mandate of commitment." The legislature in the enactment of such mandatory provision adopted a salutary requirement. Willful disobedience to a mandate of a court has ever been recognized as an offense against the people of the State, demanding punishment, to the end that respect for and obedience to law shall prevail. The legislature while clothing courts of record with power to enforce compliance with its lawful mandates was mindful of the rights of an individual charged with a criminal contempt, punishment for which act might deprive him of his liberty, and to the end that his legal rights shall be preserved required that " the particular circumstances of his offense must be set forth in the mandate of commitment." That such requirement was reasonable is apparent in the case at bar. The plaintiff asserted that he was the owner of the property in question, the relief he sought was that he be decreed to be such owner, and that defendant, her agents, servants and employees, be restrained from a removal or sale of the property. The order granted enjoined the defendant, her agents, servants and employees, from selling or removing the property. Upon the hearing in the contempt proceeding the fact appeared uncontradicted that Smith & Jaffe, prior to the commencement of this action to which they are not parties, had purchased the property, paid therefor the sum of about $4,700, and were in actual possession of the same under a bill of sale filed in the office of the registrar of Kings county. Counsel for plaintiff on his appeal argued that certain statements in the affidavit filed by him in the proceeding tended to cast suspicion on the *bona fides* of the alleged purchase of the property by Smith & Jaffe.

The mandate does not disclose that the court assumed to summarily determine the question of ownership of the property, so further comment on that subject is unnecessary. The mandate decreed that appellant had willfully disobeyed *said* injunction order. That is the order which restrained the defendant, her agents, servants and employees, from interfering with the property, by selling the property after service of the injunction order on him, but the circumstances warranting such conclusion are not set forth in the mandate. While the mandate adjudges that appellant had knowledge of the injunction order, it was essential to the validity of the same that circumstances disclosing and justifying a conclusion that he was acting either as the agent or servant of the defendant against whom the restraining order was granted or in combination or collusion with her or in assertion of her right should be embodied therein. In the absence of such findings and conclusions, appellant was not bound by the restraining order. (*Rigas* v. *Livingston*, 178 N. Y. 20.) A failure to comply with the requirements of section 752, Judiciary Law, the practice under which is illustrated in *Matter* of *King* v. *Ashley* (179 N. Y. 281), renders the mandate order null. (*People ex rel. Barnes* v. *Court of Sessions*, 147 N. Y. 290; *Ketchum* v. *Edwards*, 153 N. Y. 534; *Pawolowski* v. *City of Schenectady*, 217 N. Y. 117.)

The orders herein should be reversed and the proceeding dismissed, with costs to appellant in this court and the Appellate Division.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND and CRANE, JJ., concur; ELKUS, J., not sitting.

Orders reversed, etc.