KRIP HOLDING CORPORATION, Operating the Hotel Known as the HOTEL BOSSERT, Plaintiff, *v.* EDWARD CANAVAN, Individually and as President, and JACOB ROSENBERG, Individually and as Secretary of Local 802, American Federation of Musicians, Associated Musicians of Greater New York, and CARL WEISS, Individually and as Business Agent of Local 802, American Federation of Musicians, Associated Musicians of Greater New York, Defendants.

Supreme Court, Kings County, March 30, 1936.

*David Muss*, for the plaintiff.

*Harry Sacher*, for the defendants.

RIEGELMANN, J. Plaintiff is the operator and lessee of the Hotel Bossert, located in the borough of Brooklyn, and employs in connection with its business certain musicians. The complaint alleges that there is no dispute pending between these employees and the plaintiff, but that, on the contrary, they are fully satisfied with the existing conditions of employment.

Defendants are members and officers of Local 802, American Federation of Musicians, a labor union composed of professional musicians. The union is now causing plaintiff's premises to be picketed as a result of plaintiff's refusal to pay a certain minimum scale of wages. Plaintiff seeks upon affidavits to procure an order enjoining the defendants, among other things, from a continuance of the picketing during the pendency of the action.

It will be noted that, pursuant to section 876-a of the Civil Practice Act, the court is precluded from granting injunctive relief in a labor controversy upon mere affidavits. That section requires the taking of testimony; but even then, only after compliance by the moving party with certain other procedural requisites contained therein.

Plaintiff, however, challenges the defendants' right to invoke the above section. It argues that the defendant organization, being composed of skilled musicians, artists and entertainers, is not a trade union or an association of workingmen within the meaning of the statute; that the statute was not intended to embrace an organization of persons whose particular success depends upon individual and varying degrees of skill, personality and ability, since the value of the services rendered by members of such an organization cannot be measured or fixed by any standard or uniform rate of pay.

A consideration of the provisions of the section, however, reveals the fallacy of plaintiff's argument. Thus it is stated in subdivision 10 that " a case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in the same industry, trade, craft or occupation."

It is not my view that under the broad classification thus set forth in the foregoing provision, it can be said that the benefits of section 876-a may be invoked by an association whose members are manual workers but may not be invoked by an association whose members are skilled performers. Suffice it to say that, at least, the term " occupation " is one of comprehensive significance and that it has been defined as including any business, profession or calling.

I am not unmindful of the conclusion reached in the cases of *Beck Shoe Corp.* v. *Johnson* (153 Misc. 363) and in *Freed & Co.* v. *Doe* (154 id. 644), relied upon by plaintiff. It may be noted, however, that each of those cases was decided prior to the enactment in 1935 of the provisions of section 876-a.

Since plaintiff has failed to comply with the procedural requirements contained in the section, the court is necessarily precluded from a further consideration of the matters. Motion denied.