Martin B. Stecher, J.
On February 20,1968, plaintiff entered a judgment against the defendant in the sum of $1,125.45. Its attorneys thereafter issued a subpoena, returnable April 12, 1968, requiring the defendant to appear and testify and produce documentary evidence concerning her assets from which this judgment might be collected.
On April 14,1969, more than one year later, the Clerk of this court indorsed on the subpoena “ default noted ”.
From the file, we may discern what transpired between the return date of the subpoena and the date of the “ default ”, and thereafter.
On April 12, 1968, the defendant did appear in court in response to the subpoena. It is unlikely that any examination was had. Instead, she paid plaintiff’s attorney $40 on account of the indebtedness and entered into a stipulation adjourning the examination about one month. How many similar payments were received is not disclosed,, but the parties entered into a total of 18 such stipulations (cf. 22 NYCRR 2900.27 [d]).
Finally, in November of 1969, the defendant’s pilgrimages halted and plaintiff’s attorney sought to have the defendant punished for contempt of the subpoena. An order issued, directing the defendant to show cause on January 8, 1970 why she should not be punished for the alleged contempt. I cannot *861 tell whether or not she appeared on that date, but the file contains a further stipulation, dated February 11, 1970 adjourning the contempt motion to March 12, 1970 — the consideration is not recited.
The court records indicate that the debtor did not appear on that date; and I am now asked to sign an attachment order directing the Sheriff to produce Mrs. Batyr by virtue of the “contempt” (Judiciary Law, § 757).
This I decline to do. The issuance of such an order is discretionary (Judiciary Law,, § 757); and it would be the grossest abuse of discretion for me, faced with this pattern of harassment (Feinberg v. Kutcosky, 147 App. Div. 393), to issue this attachment.
If plaintiff wished to examine the defendant, its attorneys should have done so when she arrived in court in response to the subpoena. If they wished her “contempt” adjudicated, they should have done so when, it seems, she came to court in response to the order to show cause.
Prima facie, the defendant is not in contempt of the subpoena and the warrant will not issue. As I have had prior occasion to observe, attachment is a weapon given the courts, to be sparingly used. The contempt power is not a club with which judgment debtors are to be harassed.