■   In the Matter of MORRIS CRAMER BOWLING, LTD., et al., Respondents, v. MORRIS CRAMER, Appellant.— Appeal from an order of the Supreme Court at Special Term made on July 15, 1971, finding appellant guilty of contempt of court. Preliminary injunctions were granted on March 13, 1970 restraining appellant from, among other things, " doing anything that would adversely effect the operations " of the corporate respondents. On May 13, 1971 a hearing was held on an order to show cause why appellant should not be held in contempt for refusal to comply with the preliminary injunctions. Thereafter, and on July 15, 1971, Special Term ruled appellant in contempt of court and ordered him to pay $100 to the County Treasurer. There was no formal order signed by the court. Nor was there any recitation by the court of the particulars of the offense. Further, the court did not indicate whether it held appellant in criminal or civil contempt. In a criminal contempt proceeding the court must state that the person is guilty of willful disobedience of its lawful mandate and must set forth the particular circumstances of his offense. (Judiciary Law, §§ 750, 752; *Pawolowski* v. *City of Schenectady,* 217 N. Y. 117.) In a civil contempt proceeding the court must find that the person's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to a civil action. (Judiciary Law, §§ 753, 770; *Matter of Marinsky* v. *Ranald,* 259 App. Div. 849; *Feinberg* v. *Kutcosky,* 147 App. Div. 393.) The record reveals that in his oral remarks the court merely stated: " I find this man is in contempt of this court. I'm going to fine you, Mr. Cramer, $100, to be paid immediately. Upon your failure to do so you will be committed." We find that the court's ruling was fatally defective for failure to comply with the appropriate statutes, whether the contempt was criminal

or civil. (See *Matter of Cleary,* 237 App. Div. 519.) Order reversed, on the law and the facts, with costs, and Special Term directed to make and enter an order directing the County Treasurer to pay over to appellant the amount of the fine. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.