■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF ERIE COUNTY et al., Appellants. JOHN J. HONAN, as Judge of the Erie County Family Court, Respondent.—Order unanimously reversed, without costs, and motion to vacate show cause order granted. Memorandum: By order of Family Court, Erie County, dated December 23, 1977, issued by respondent John J. Honan, a Judge of that court, the "Joyner children" were placed in

the custody of appellant Commissioner, Erie County Department of Social Services, for placement in a duly licensed foster home of the department, for the protection of the children pending further proceedings. Following a further hearing on April 28, 1978 Judge Honan continued the custody of the Joyner children in the appellant commissioner. At that hearing the mother was so upset emotionally that she left the courtroom before court adjourned. For that reason the case worker called the foster mother who was caring for daughter Nikita and advised her of the mother's action and that since that was the mother's day for visiting Nikita, warned the foster mother to be watchful. The mother did visit the foster home that day and, despite the case worker's warning, the mother disappeared with her daughter, Nikita. The foster mother reported this to appellant, and a case worker and the police looked for the child in vain. Appellant called other agencies and notified them of the abduction. Five days later, on May 3, the mother called appellant and reported that she had killed the child. Appellant then contacted Judge Honan who issued a civil warrant for the mother's arrest. Fortuitously, the child was recovered unharmed the same day. Three days later Judge Honan prepared and had served on appellants an order for them to show cause before him why they should not (1) be held in contempt, (2) be relieved of responsibility of protection of children and (3) have such responsibility transferred to another. The order to show cause was not supported by an affidavit or other document. In the order Judge Honan made statements that appellants had abrogated their responsibility to protect children and had undermined a court order. He recited the above-mentioned abduction of the child by her mother and five days' inaction by appellants until the mother telephoned and reported falsely that she had killed the child. He stated that instances of serious child abuse had recently occurred in Erie County, that by implication appellants acknowledged their inadequacy, and he ordered them to provide the court with a statement of the names of children in their care "who are now unaccounted for or who have been on a prior occasion unaccounted for". On the return day of the order to show cause, appellants moved to vacate it, and they appeal by permission of this court from the order denying the motion. Further proceedings under the order to show cause were stayed pending this appeal. The record before the court on the motion to dismiss shows the action of appellants on April 28, 1978 through May 3 and that, however unsuccessful were their efforts until May 3 to find the child, they were by no means contemptuous of the court. Moreover, as a matter of law, in order for one to be found in contempt of a court order there must be a showing of the specific terms of the order violated and the particular facts establishing the violation. This is true both with respect to criminal contempts (*Pawolowski v City of Schenectady,* 217 NY 117; *Matter of Cramer Bowling v Cramer,* 38 AD2d 774; Judiciary Law, §§ 750, 752) and civil contempts (*Pereira v Pereira,* 35 NY2d 301, 308-309; *Ketchum v Edwards,* 153 NY 534, 539; Judiciary Law, § 753). There was no order by the court in this case which was shown to have been violated, and hence there could be no contempt (cf. *Matter of Otis A.,* 89 Misc 2d 109). With respect to the rest of the order to show cause, it need only be said that under title 6 of article 6 of the Social Services Law (§ 411 *et seq.*), local departments of social services are given the responsibility for child protection and for safeguarding against child abuse and neglect; and Family Court has no power to deprive such departments of that responsibility. The statute provides for appropriate review of the commissioner's decisions. We appreciate the concern that respondent properly had in this case. That did not, however, justify the action taken in

this proceeding. (Appeal from order of Erie County Family Court—vacate show cause order.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp, and Witmer, JJ.