■ In the Matter of DANIEL P. FOSTER, P. C., Appellant, v ROBERT M. MORGENTHAU, Respondent. In the Matter of

ROBERT M. MORGENTHAU, Respondent, v DANIEL P. FOSTER, P. C. et al., Appellants.—Appeal from order of the Supreme Court, New York County (Carol Berkman, J.), entered on or about June 10, 1985, which modified a subpoena duces tecum and denied the motion to quash the subpoena, is dismissed as moot, without costs or disbursements.

Order of the Supreme Court, New York County (Carol Berkman, J.), entered on July 2, 1985, which adjudged the law firm of Daniel P. Foster, P. C., and attorneys Daniel P. Foster and Kit C. Decious in criminal contempt and imposed certain penalties upon the firm and attorneys Foster and Decious, is reversed, on the law, and the motion to punish for contempt denied, without costs or disbursements.

Section 752 of the Judiciary Law provides that the mandate of commitment set forth the "particular circumstances" of the offense. The failure to comply with this statutory requirement renders the commitment totally defective. (Matter of Douglas v Adel, 269 NY 144; Briddon v Briddon, 229 NY 452.) Since the court herein did not specify the actions which the attorneys involved committed such as would support the finding of criminal contempt, the mandate of commitment is invalid. Concur—Carro, J. P., Asch, Fein, Milonas and Rosenberger, JJ.