■ In the Matter of ZENA O., a Child Alleged to be Abused and Neglected. MAXIMINO O. et al., Respondents; BARBARA J. SABOL, Appellant. [622 NYS2d 601] —In a proceeding pursuant to Family Court Act article 10, the Commissioner of Social Services of the City of New York appeals from an order of the Family Court, Kings County (Dabiri, J.), dated April 30, 1993, which, upon a dispositional order of the same court dated March 5, 1993, finding Zena O. to be abused and neglected, directed her to have a qualified psychologist or psychiatrist interview five of Zena O.'s cousins to determine whether they had been the victims of sexual abuse. By order dated July 21, 1993, this Court stayed enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements.

In the course of an abuse and neglect proceeding on behalf of Zena O., who was found to have been sexually abused by her maternal grandfather, the Family Court became concerned as to the status of five of Zena's first cousins who lived, along with their mother and her boyfriend, in an apartment within the same two-family house as Zena and her grandparents. The court directed the appellant to conduct an investigation which resulted in reports concluding that the five children were not in danger of being similarly abused. The court directed the appellant to either file neglect and/or abuse petitions with respect to the five children or to arrange for the children to be interviewed by qualified validators to determine whether the children had been abused. A follow up investigation and report prepared by the appellant after interviews

with all but the youngest of the five children led the appellant to reaffirm its conclusion that the children were not at risk. Nevertheless, in an order dated April 30, 1993 the Family Court directed the appellant "to provide that [the five children] be subject to interviews by a qualified psychologist or psychiatrist (validator) to determine whether they have been the subject of sexual abuse." The order was stayed pending the hearing and determination of this appeal, and we now reverse.

Family Court Act § 1034 (1) authorizes the court to order the Department of Social Services or an appropriate agency "to conduct a child protective investigation as described by the social services law and report its findings to the court * * * in order to determine whether a proceeding under this article should be initiated." Social Services Law § 424 (6) authorizes a child protective service, upon learning of a case of suspected child abuse, "to commence, within twenty-four hours, an appropriate investigation which shall include an evaluation of the environment of the child named in the report and any other children in the same home and a determination of the risk to such children if they continue to remain in the existing home environment".

In this case the appellant discharged its investigatory duties when it conducted its investigation of the childrens' home, interviewed the children and their mother, and reported its findings to the court. Pursuant to Family Court Act § 1032 (b) the court could have directed that abuse and neglect proceedings be initiated, as Zena's Law Guardian had requested. Instead, the court opted to take a different approach. However, the court was without authority to direct that such potentially invasive and traumatic interviews (see, Matter of Jessica R., 78 NY2d 1031, 1034 [Kaye, J., concurring in part and dissenting in part]) of five children, in a family headed by a mother whose abilities have not been cast in doubt, should be conducted in the absence of the consent of the mother, or the institution of formal proceedings. The court's order, while clearly well intentioned, was contrary to the appellant's informed opinion, failed to consider the mother's involvement in her children's upbringing, and, indeed, did not even consider her wishes. Furthermore, the interviews would have been conducted without the appointment of Law Guardians on behalf of the five children. The court's rejection of the appellant's recommendation was improvident under the circumstances (see, Matter of Billy R., 103 Misc 2d 988), and the court was without authority to order the appellant to conduct

activities not authorized by the Family Court Act *(see, Matter of Commissioner of Social Servs. of Erie County,* 67 AD2d 815). Accordingly, we reverse the order appealed from.

Finally, the Legal Aid Society, as Zena's Law Guardian, did not file a notice of appeal from the order dated April 30, 1993, and therefore may not seek to have that order reversed *(see, Hecht v City of New York,* 60 NY2d 57). In any event neither the Legal Aid Society nor its client are aggrieved by the order (CPLR 5511; *see, Matter of Lucy L. v County of Westchester,* 149 AD2d 707). Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.