■ In the Matter of DAWN CORRIGAN, Appellant, v TINA OROSCO, Respondent. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Nonparty Respondent. [921 NYS2d 893]—

In a custody proceeding pursuant to Family Court Act article 6, the petitioner appeals, by permission, from an order of the Family Court, Suffolk County (Freundlich, J.), dated June 30, 2010, which, sua sponte, directed an investigation of the subject children to be performed by the nonparty Suffolk County Department of Social Services.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements.

The Family Court was presented with a petition pursuant to Family Court Act article 6 for custody of two children by the petitioner, Dawn Corrigan, who represented that she already had custody of the children as their biological mother since their birth. Corrigan stated that she was married to the respondent, Tina Orosco, who was the children's adoptive mother. The petition alleged that Orosco had "disappeared" about nine days before the petition was filed and that her whereabouts were unknown to Corrigan. The petition indicated that Corrigan was the children's primary caregiver and that they resided with her. Without holding a hearing and in the absence of any information beyond that which was alleged in the custody petition, the Family Court, sua sponte, directed a child protective investigation to be conducted by the nonparty Suffolk County Department of Social Services (hereinafter the DSS), in order to determine whether an abuse or neglect proceeding pursuant to Family Court Act article 10 was warranted.

Pursuant to Family Court Act § 1034 (1), a court may order a child protective investigation in any proceedings brought under Family Court Act article 10 (see Family Ct Act § 1034 [1] [a]), or "in order to determine whether a proceeding under [Family Court article 10] should be initiated" (Family Ct Act § 1034 [1] [b]). The Family Court has broad discretion in issuing orders pursuant to Family Court Act § 1034 (1) (b).

Here, however, there was absolutely no indication of abuse, neglect, or maltreatment of the subject children raised in the custody petition or in any proceedings, and the Family Court had before it no other information regarding suspected abuse, neglect, or maltreatment of the children. Accordingly, the Family Court improvidently exercised its discretion in directing the DSS to perform a court-ordered investigation in connection with this custody proceeding (*see* Family Ct Act § 1034 [1] [b]; *see also Matter of Zena O.*, 212 AD2d 712, 713-714 [1995]).

The appellant's contention regarding alleged unlawful discrimination was raised for the first time in her reply brief, and is not properly before this Court. Similarly, Orosco's contention regarding sanctions was improperly raised for the first time in her reply brief (*see Boddie-Willis v Marziliano*, 78 AD3d 978, 979 [2010]; *Gartner v Unified Windows, Doors & Siding, Inc.*, 68 AD3d 815, 816 [2009]). Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.